UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| MATTHEW C. KURTENBACH,<br><br>      Plaintiff,<br><br>vs.<br><br>HUGHES COUNTY and<br>RELIANCE TELEPHONE SERVICES,<br><br>      Defendants. | CIV. 21-3003-JLV<br><br>ORDER GRANTING<br>PLAINTIFF LEAVE TO PROCEED<br>*IN FORMA PAUPERIS* AND<br>DISMISSING COMPLAINT |

On February 19, 2021, plaintiff Matthew C. Kurtenbach, filed a *pro se* lawsuit under 28 U.S.C. § 1331. (Docket 1). At the time of filing this action, Mr. Kurtenbach was incarcerated at Mike Durfee State Prison in Springfield, South Dakota. Id. at p. 5. Mr. Kurtenbach is currently confined at a correctional facility in St. Cloud, Minnesota. (Docket 6). Plaintiff moves to proceed *in forma pauperis* and provided a copy of his prisoner trust account report. (Dockets 2 & 3).

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

 (A) the average monthly deposits to the prisoner's account;
    or

(B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized prison officer. (Docket 3). The report shows an average monthly deposit for the past six months of $45.00, an average monthly balance for the past six months of $31.36, and a current balance of $34.56. Id. In light of this information, the court finds plaintiff is not required to make an initial partial filing fee.

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Mr. Kurtenbach claims Reliance Telephone Services is the telecommunications provider for Hughes County jail in Pierre, South Dakota. (Docket 1 ¶¶ 4-5). He alleges his telephone calls and text messages to lawyers and law offices were "intercepted, monitored, and/or recorded" by defendants

and then "disseminated by Hughes County without any court order allowing Hughes County to do so." Id. ¶¶ 6-7.  Mr. Kurtenbach claims he has a "subjective and objective expectation of privacy" for calls and text messages to lawyers and law offices.  Id. ¶¶ 9-10.  Plaintiff seeks injunctive relief and monetary damages.  Id. ¶¶ 14 & 16.

The Electronic Communications Act, 18 U.S.C. §§ 2510-22, (the "Act") regulates the interception of wire, oral, and electronic communications.  By the Act it is unlawful to intentionally intercept or attempt to intercept "any wire, oral, or electronic communication[.]"  Id. at § 2511(1)(a).  An exception to this general rule is if one party to the communication has given prior consent to the interception, the interception is not unlawful.  Id. at § 2511(2)(c).  "Consent may be express or implied, but in either case, there must be actual consent."  United States v. Corona-Chavez, 328 F.3d 974, 978 (8th Cir. 2003) (citing Deal v. Spears, 980 F.2d 1153, 1157 (8th Cir. 1992)).

Patently missing from plaintiff's complaint is his recognition or acknowledgement that the Hughes County jail provides written advance notice to inmates that their out-going telephone calls will be recorded.  "The Hughes County Jail has a policy handbook given to inmates upon their admission that, among other things, alerts inmates that telephone conversations from the Hughes County Jail can be recorded. . . . The Hughes County Jail, through a company that supplies calling services, has software that records all calls."  United States v. Colombe, 354 F. Supp. 3d 992, 995 (D.S.D. 2018), aff'd, 964 F.3d 755 (8th Cir. 2020).  An inmate consents to the interception of his

telephone calls when he has knowledge of the telephone monitoring policy and voluntarily uses the telephone.  United States v. Horr, 963 F.2d 1124, 1126 (8th Cir. 1992) ("Under 18 U.S.C. § 2511(2)(c), it is not unlawful for law enforcement 'to intercept a wire, oral, or electronic communication, where . . . one of the parties to the communications has given prior consent to such interception.' ") (citing Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-21, the precursor to the Electronic Communications Act amendments).

     Mr. Kurtenbach claims defendants intercepted his attorney-client communications and Hughes County then disseminated those communications.  (Docket 1 ¶¶ 6-7).  "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law."  Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (reference omitted).  "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  Id.  In South Dakota, "[t]he attorney-client privilege is described in SDCL 19-13-3 (Rule 502(b))."  Andrews v. Ridco, Inc., 863 N.W.2d 540, 547 (S.D. 2015).  "The client is the holder of the attorney-client privilege."  Id. (referencing State v. Catch The Bear, 352 N.W.2d 640, 645 (S.D. 1984)).  "The purpose of the attorney/client privilege is well established.  Protecting communications between attorney and client supposedly encourages clients to make full disclosures to their attorneys, in

turn enabling the attorney to act more effectively, justly and expeditiously." Kaarup v. St. Paul Fire & Marine Ins. Co., 436 N.W.2d 17, 20-21 (S.D. 1989).

Having acknowledged the importance of the attorney-client privilege, the court is still concerned about Mr. Kurtenbach's "invasion of attorney-client privilege claim." Luken v. Edwards, No. C10-4097, 2011 WL 1655902, at *7 (N.D. Iowa May 3, 2011). "He is attempting to introduce an entirely new and novel theory of liability [that] has never been presented to" the South Dakota Supreme Court. Id.

Mr. Kurtenbach's complaint seeks a declaratory judgment, injunctive relief and money damages. (Docket 1 ¶¶ 13-14 & 16). Yet, the cases before the South Dakota Supreme Court focus on a defendant's right in a criminal case to suppression of any evidence obtained from a "surreptitious interception of the defendant's attorney-client communications" or in an appropriate case, dismissal of the criminal action. Matter of Kozak, 256 N.W.2d 717, 723 (S.D. 1977), disapproved by State v. McKercher, 332 N.W.2d 286 (S.D. 1983). The court has been unable to find a South Dakota Supreme Court case which recognizes a common law tort of invasion of the attorney-client privilege.

"A federal court is bound to apply the applicable state law in conformity with the decisions of the highest state court. 'It has limited discretion to adopt untested legal theories brought under the rubric of state law.' " Luken, 2011 WL 1655902, at *7 (citing Affiliated FM Ins. Co. v. Trane Co., 831 F.2d 153, 155 (7th Cir. 1987); additional reference omitted). "[P]arties wishing to press

5

innovative interpretations of state law should litigate those claims in state court rather than federal court." Id.

Mr. Kurtenbach's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the institution having custody of plaintiff is hereby directed that, whenever the amount in his trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee of $350 is paid in full.

Dated April 23, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE