UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| MATTHEW KURTENBACH,<br><br>      Plaintiff,<br><br> vs.<br><br>HUGHES COUNTY and<br>RELIANCE TELEPHONE SERVICES,<br><br>      Defendants. | CIV. 21-3003-JLV<br><br>ORDER |

   On April 23, 2021, the court entered an order dismissing plaintiff's complaint "without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted." (Docket 7 at p. 6).   On July 19, 2021, plaintiff filed a motion for reconsideration of the court's order.   (Docket 15).   The court denied plaintiff's motion for reconsideration.   (Docket 18).   Plaintiff appealed to the United States Court of Appeals for the Eighth Circuit.   On October 25, 2021, the Eighth Circuit summarily affirmed the judgment of the district court.   (Docket 21).   On January 10, 2022, plaintiff filed a second motion for reconsideration of the April 23, 2021, order and a motion seeking permission to file an amended complaint. (Docket 24).   On January 25, 2022, the court denied plaintiff's second motion for reconsideration and motion to file an amended complaint.   (Docket 25).

On February 22, 2022, Mr. Kurtenbach filed a notice of appeal, a second motion to proceed *in forma pauperis* on appeal, a copy of his prisoner's trust account and an affidavit pursuant to Fed. R. App. P. 24(a)(1).  (Dockets 26-29).

Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915 allow an indigent party to seek leave to appeal *in forma pauperis*.  Section 1915 requires the court to determine if the appeal is taken in "good faith."  28 U.S.C. § 1915(a)(3).  "Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant."  Maddox v. Chisago Cty. Sheriff Office, No. 10-CV-2133, 2010 WL 3119393, at *2 (D. Minn. Aug. 5, 2010) (citing Coppedge v. United States, 369 U.S. 438, 444-45 (1962)).  In determining whether an appeal is taken in good faith, the court must decide "whether the claims to be decided on appeal are factually or legally frivolous."  Id. (citing Coppedge, 369 U.S. at 444-45).  "An appeal is frivolous, and therefore cannot be taken in good faith, 'where it lacks an arguable basis either in law or in fact.' " Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court finds Mr. Kurtenbach's second appeal is not taken in good faith because it is legally frivolous.  Mr. Kurtenbach seeks to raise the same issues addressed in the order dismissing the case, the motion for reconsideration and the decision of the United States Court of Appeals for the Eighth Circuit. *Compare* Dockets 7 at pp. 2-6, 15, 18 & 21.  This case is closed.  The court finds Mr. Kurtenbach would "lack[] an arguable basis either in law or in fact" in an appeal of the court's order denying the second motion for reconsideration,

Docket 25.  Neitzke, 490 U.S. at 325.  The court must deny Mr. Kurtenbach's second motion for leave to proceed *in forma pauperis* on appeal.

## ORDER

Accordingly, it is

ORDERED that Mr. Kurtenbach's second motion for leave to appeal *in forma pauperis* (Docket 27) is denied.

IT IS FURTHER ORDERED that Mr. Kurtenbach shall pay the $505 appellate filing fee to the Clerk of the United States District Court for the District of South Dakota or seek leave to proceed *in forma pauperis* in the United States Court of Appeals for the Eighth Circuit.

Dated March 7, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE